UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF OHIO
COLUMBUS DIVISION

_____

| | | |
|---|---|---|
| In Re: | ) | Case No. 18-50290 |
| | ) | |
| VERONIKA L. BEARD, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Judge John E. Hoffman, Jr. |

_____

| | | |
|---|---|---|
| MICHIGAN DEPARTMENT OF | ) | |
| HEALTH AND HUMAN | ) | |
| SERVICES, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary Proceeding No. |
| v | ) | |
| | ) | |
| VERONIKA L. BEARD a/k/a | ) | |
| VERONIKA L. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY
OF DEBT UNDER 11 U.S.C. § 523(a)**

Now comes Plaintiff, Michigan Department of Health and Human Services ("Department"), by and through its attorneys, Bill Schuette, Michigan Attorney General, and Chantal B. Fennessey, Assistant Attorney General, and objects to the dischargeability of the debt of Defendant-Debtor Veronika Beard a/k/a Veronika L. Harris as follows:

1

1. Pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334, this Court has jurisdiction to determine the rights of the parties as to a determination of dischargeability of Defendant Veronika Beard's debt under 11 U.S.C. § 523(a).

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

3. The Department of Health and Human Services is an agency of the state of Michigan, and among other duties, administers the federal Supplemental Nutrition Assistance Program (SNAP) pursuant to 7 U.S.C. § 2011 *et seq.*, and M.C.L. § 400.10. The SNAP program is currently known in Michigan as the Food Assistance Program (FAP) (formerly known as Food Stamp Program). M.C.L. § 400.10.

4. Veronika Beard is a resident of Grove City, Ohio.

5. On February 1, 2011, Defendant applied for and received public assistance on behalf of her household in the form of FAP from the state of Michigan.

6. From February 1, 2011 through August 31, 2011, Defendant received FAP benefits from the state of Michigan in the amount of $2,569.00.

7. During that same time period, Defendant also applied for and received FAP/MA/FIP from the state of Ohio.

8. Per BEM 222, a person cannot be a member of one or more FAP groups in any month. A person cannot receive FAP in more than one state for any month. Defendant was not eligible for FAP benefits during the period of February 1, 2011 through August 31, 2011.

9. The Office of Inspector General investigated, and on March 31, 2015, an administrative hearing was held where Defendant appeared and testified. After the hearing, a decision was issued finding that Defendant committed an Intentional Program Violation-Fraud. Defendant was ordered to repay the fraud debt to the Department. (Exhibit A.)

10. Defendant also had a prior has a FAP IPV criminal conviction and currently owes the Department $3,825.00 in which restitution was court ordered (Exhibit B.).

11. As of the petition date, Defendant owes the Department $2,569.00 for the debt established by the administrative tribunal and $3,825.00 for court ordered restitution. (Exhibit C.)

## COUNT I – 11 U.S.C. § 523(a)(2)(A)

12. The Department restates and incorporates paragraphs 1-11.

13. In this case, Defendant intentionally and falsely misrepresented to the Department in the application for benefits and redeterminations that the household was eligible for FAP benefits and that she would comply with the program requirements.

14. Defendant knew she was required to comply with the program requirements but intentionally failed to do so in order to receive public assistance benefits for which the household did not qualify.

15. Defendant intentionally failed to disclose she resided in Ohio in order to continue receiving FAP benefits for which the household did not qualify.

16. The Department justifiably relied on the Defendant's misrepresentations of eligibility in the applications for FAP benefits and, based on that reliance, thereupon paid her household substantial sums of money.

17. The Department has ascertained the false, inaccurate, and fraudulent nature of the representations for benefits and certifications filed by Defendant resulting in the over-issuance of FAP benefits.

## COUNT II - 11 U.S.C. § 523(a)(2)(B)

18. The Department restates and incorporates paragraphs 1-17.

19. Defendant's application and redeterminations for FAP benefits were statements in writing.

20. That application and redeterminations were materially false because Defendant intentionally concealed or misstated the household's need for the benefits by failing to comply with the FAP, which required Michigan residency for determining eligibility in the FAP.

21. The application and redeterminations concerned Defendant's financial condition because it pertained to household members, residency, and Defendant's eligibility, all of which are critical factors in the determination of FAP and home help benefits eligibility.

22. The application and redeterminations significantly affected the Department's decision to approve Defendant's household for benefits for FAP benefits.

23. The Department did in fact reasonably rely on the application and redeterminations in making a determination of Defendant's eligibility and continued eligibility for FAP.

24. Defendant completed the application and redeterminations with the intent to deceive the Department because she had the duty to disclose her residency to maintain compliance with benefits regulations, and they intended the application to be false.

### COUNT III - 11 U.S.C. § 523(a)(5)

25. The Department restates and incorporates paragraphs 1-24.

26. A "domestic support obligation" is "a debt that accrues before, on, or after" the petition date that is owed or recoverable by a "governmental unit" and is "in the nature of . . . support (including assistance provided by a governmental unit)" of a spouse, former spouse, or child of the debtor. 11 U.S.C. § 101(14A).

27. The FAP benefits overpayment debt owed by the Defendant to the Department accrued pre-petition and is owed to a governmental unit.

28. The FAP benefits overpayment debt is assistance by a governmental unit in the support of children or dependents because eligibility and the amount of benefits received depends on family size.

29. The Department is authorized to recover overpayments of FAP benefits under Michigan law. Mich. Comp. Law § 400.43a(2); § 400.60.

30. The FAP benefits were in the nature of support to the Defendant's dependents.

31. The welfare fraud debt owed by Defendant to the Department of Health & Human Services is therefore a non-dischargeable "domestic support obligation." *See Wisc. Dep't of Workforce Dev. v. Ratliff*, 390 B.R. 607 (E.D. Wisc. 2008) (food stamp over-issuance is a "domestic support obligation" because benefits allocated based on reported income of the debtor for the support of herself and her kids); *In re Anderson*, 439 B.R. 206, 208-09 (Bankr. M.D. Ala. 2010) (same); "Because the payment of the children's necessary medical needs . . . satisfies one of the most fundamental duties owed by a parent to a child, it will almost always constitute an obligation in the nature of support." *Hamby v Smasal* (*In re Smasal*), Adv. No. 04-1200, 2005 WL 3466000, at *5 (Bankr. E.D. Va. Feb. 22, 2005).

## COUNT IV - 11 U.S.C. § 523(a)(7)

32. The Department restates and incorporates paragraphs 1-31.

6

33. Defendant was charged with the criminal felony offense of welfare fraud pursuant to M.C.L. 400.60. Defendant was convicted of welfare fraud, sentenced, and ordered by the Honorable Karen Fort Hood to make full restitution in Wayne County Circuit Court Case No. V3626566A.

34. Defendant was also ordered by Administrative Law Judge Vicki Armstrong of the Michigan Administrative Hearing System in Case No. 102824814 to make full restitution to the Department in the amount of $2,569.00.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff Michigan Department of Health and Human Services, requests an Order that pursuant to 11 U.S.C. § 523(a)(2)(A), § 523(a)(2)(B), 11 U.S.C. § 523(a)(5), and 11 U.S.C. § 523(a)(7), the Defendant is not entitled to the discharge of her debt to Plaintiff Michigan Department of Health and Human Services, and for a Money Judgment in favor of the Department in the amount of $6,394.00 against Defendant-Debtor, together with costs in accordance with law.[1]

---

[1] While the Department recognizes notice and hearing is *not* required to determine dischargeability of the fraud and domestic support debts identified above, the state of Michigan is requesting an order for clarification to all parties.

                                                Respectfully submitted,

                                                Bill Schuette
                                                Attorney General

                                                */s/ Chantal B. Fennessey*_____
                                                Chantal B. Fennessey (P-42805-MI)
                                                Cadillac Place
                                                3030 W. Grand Boulevard
                                                Suite 10-200
                                                Detroit, MI 48202
                                                Phone: (313) 456-0280
                                                Fax: (313) 456-0291
Dated: April 19, 2018                      Email: fennesseyc@michigan.gov