# INVESTIGATION REPORT
## State of Michigan
## Department of Human Services
## Office of Inspector General
### Recipient Investigation

| OIG Investigation No. | Venue County | Venue City | OIG Section |
|---|---|---|---|
| I-12-05-002294 | Wayne | Detroit | 15 |

| OIG Agent |
|---|
| Michelle Knight-Atchison, Agent |

| OIG Agent Address |
|---|
| 6534 W. Jefferson, |
| Detroit, MI 48209 |
| (313) 408-6271    knight-atchisonm@michigan.gov |

| Subject's Name: | Individual ID | Race | Sex | Date of Birth | Driver's License/PID No. | State | Social Security No. |
|---|---|---|---|---|---|---|---|
| Harris, Veronika L | 92329689 | Black or African American | Female | 08-04-▓▓▓ | | | XXX-XX-1593 |

| Subject's Address: | Telephone Number(s): | Prior Convictions: | Prior Intentional Program Violations: |
|---|---|---|---|
| 4399 Deveron Ct. | (313) 933-7027 | Yes | Yes |
| Grove City, OH  43123-1091 | | | |

**Details of Investigation:**

**NATURE OF COMPLAINT**

This complaint was referred to the Office of Inspector General to investigate whether or not Veronika Harris received concurrent benefits in both Michigan and Ohio.

**DETAILS OF INVESTIGATION**

The Office of Inspector General completed a Bridges Inquiry to determine when subject, Veronika Harris initially received benefits in the State of Michigan. Per the information documented in the Bridges system, Veronika Harris had an open FAP case that opened on April 24, 2008 and closed September 30, 2011.

The Office of Inspector General also completed an IG-311 EBT History clearance. Per the clearance, Veronika Harris redeemed her Michigan issued benefits in both Ohio and Michigan frequently from the time her case was opened in April 2008 through case closure in September 2011.

The Office of Inspector General requested verification of an Ohio benefits cases from Deborah L Conklin, Trainer, Richland County JFS, 171 Park Ave East, Mansfield, OH 44902. Per verification, Veronika Harris has received benefits FAP/MA/FIP in the State of Ohio since 1993 and she is currently residing in the State of Ohio per Lexis Nexis. Veronika Harris received dual benefits of FAP benefits during the months of February 1, 2011 through August 31, 2011.

Per BEM 222, a person cannot be a member or more than on FAP certified Group in any month. A person cannot receive FAP in more than one state for any month. Based on DHS policy, Veronika Harris was not eligible for FAP benefits during the alleged fraud period of February 1, 2011 through August 31, 2011.

* Subject's current address is 4399 Deveron Ct. Grove City, Ohio, 43123-1091.

**SUBJECT'S EXPLANATION**

Subject does not have a current phone number listed in Bridges. Agent was unable to make contact to interview subject.

**SUMMARY/CONCLUSION**

Case referred to MAHS.

**Fraud Amount(s):**

| DHS CASE # | Proposed DQ | PROGRAM | BEGIN DATE | END DATE | AMOUNT RECEIVED | LAWFUL AMOUNT | ALLEGED FRAUD AMOUNT |
|---|---|---|---|---|---|---|---|
| 102824814 | 10 Year | FAP | 2/1/2011 | 8/31/2011 | $2,569.00 | $0.00 | $2,569.00 |
| **TOTAL OF ALL PROGRAMS:** | | | | | $2,569.00 | $0.00 | $2,569.00 |
| | | | | TOTAL RECOUPMENT AMOUNT: | | | $2,569.00 |

**Evidence:**
1: 1/15/2015 Bridges Benefit Summary for Veronika Harris Evidence will Show: Benefits were issued on behalf of subject Evidence Witnessed By: Evidence Signed:
2: 1/15/2015 Veronika Harris IG-311 EBT History Evidence will Show: Evidence Witnessed By:  Evidence Signed:
3: 2/4/2015 Harris Veronika Redacted DHS 1010 Evidence will Show: Subject acknowledged their responsibility to report changes as required Evidence Witnessed By:  Evidence Signed:
4: 2/5/2015 Correspondence from the State of Ohio Evidence will Show: Evidence Witnessed By: Debbie Conklin Evidence Signed: 1/9/2015
5: 2/5/2015 Harris Veronika Redacted National IPV Sanction Inquiry Evidence will Show: Evidence Witnessed By:  Evidence Signed:

**EXHIBIT A**

DHS-4652 i-Sight (Rev. 02/13)  MS Word



**Fraud Investigation Request**
Michigan Department of Human Services
Office of Inspector General

Recipient Investigation
Page 1 of 1

Subject Name: Harris, Veronika L
Complaint #: 1000300738          Investigation # I-12-05-002294
Individual ID: 92329689          Case Number: 102824814
Venue County: Wayne              Local Office: Wayne Co DHS Gr
River Warren Dist
Request Date: 5/31/2012          Received Date: 10/7/2013

---

### Program Violation(s)

| # | Program | Case Number | Claim Number | EDG # | Begin Date | End Date | Estimated OI |
|---|---------|-------------|--------------|-------|------------|----------|--------------|
|   | FAP     | 102824814   |              | 22328355 |          |          | $2,936.00    |

### Fraud Allegation(s)

**Non Financial Eligibility**

| # | Type | Explanation | How Discovered | Begin Date | End Date |
|---|------|-------------|----------------|------------|----------|
| 1 | Concurrent receipt of benefits | Client alleged to have received FAP in Ohio from 1/2011-9/2011. | Other Government Agency | 2/1/2011 | 9/30/2011 |

### FEE Allegation(s)

DHS Application Status:
Referral Reason(s):

Complaint Narrative:

### Referral Information

Complainant: Deb Conklin,    Local Office:               Submitter: Deb Conklin,   Local Office:

Phone:                       E-mail:                     Phone:     419-774-5461  E-mail:

Additional Information:

### Screener Information

OIG Screener: Cosme Delapaz       Investigation Type: Full Investigation
Fraud Code:   Concurrent Receipt of Benefits   Priority Level: 1   Project: Project Code is Null

Screener Comments:

Case Screening Outcome: Screened In   Screened Date: 5/31/2012

Assigned to OIG Agent: Michelle Knight-Atchison        OIG Section #:15

DHS-834 i-Sight (Rev. 02/13)  MS Word

Witnesses:

1: Michelle Knight-Atchison, Agent,

Witness attests to: Agent in charge of investigation

The Department of Human Services will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, height, weight, marital status, political beliefs or disability.

**STATE OF MICHIGAN**
**MICHIGAN ADMINISTRATIVE HEARING SYSTEM**
**ADMINISTRATIVE HEARINGS FOR THE**
**DEPARTMENT OF HUMAN SERVICES**

**IN THE MATTER OF:**

VERONIKA HARRIS
4399 DEVERON COURT
GROVE CITY, OH 43123-1091

Reg. No.: 15-001305
Issue No.: 3005
Case No.: 102824814
Hearing Date: March 31, 2015
County: WAYNE-DISTRICT 49 (GRAND

**ADMINISTRATIVE LAW JUDGE:** Vicki Armstrong

### HEARING DECISION FOR INTENTIONAL PROGRAM VIOLATION

Upon the request for a hearing by the Department of Human Services (Department), this matter is before the undersigned Administrative Law Judge pursuant to MCL 400.9, and in accordance with Titles 7, 42 and 45 of the Code of Federal Regulation (CFR), particularly 7 CFR 273.16, and with Mich Admin Code, R 400.3130 and R 400.3178. After due notice, a telephone hearing was held on March 31, 2015, from Lansing, Michigan. Respondent personally appeared and testified. The Department was represented by Kelli Owens, Regulation Agent of the Office of Inspector General (OIG).

### ISSUES

1. Did Respondent receive an overissuance (OI) of Food Assistance Program (FAP) benefits that the Department is entitled to recoup?

2. Did the Department establish, by clear and convincing evidence, that Respondent committed an Intentional Program Violation (IPV)?

3. Should Respondent be disqualified from receiving benefits for Food Assistance Program (FAP)?

### FINDINGS OF FACT

The Administrative Law Judge, based on the competent, material, and substantial evidence on the whole record, finds as material fact:

1. The Department's OIG filed a hearing request on February 5, 2015, to establish an OI of benefits received by Respondent as a result of Respondent having allegedly committed an IPV.

2. The OIG has requested that Respondent be disqualified from receiving program benefits.

3. Respondent was a recipient of Michigan FAP benefits issued by the Department.

4. Respondent signed a Redetermination (DHS-1010) on April 20, 2010, acknowledging that she understood her failure to give timely, truthful, complete and accurate information could result in a civil or criminal action or an administrative claim against her. (Dept. Ex A, pp 31-34).

5. Respondent received $2,569 in FAP benefits from the State of Michigan during the alleged fraud period of February 1, 2011, through August 31, 2011. If Respondent had properly reported that she had moved to and was receiving FAP benefits from Ohio, Respondent would have been entitled to receive $0 in Michigan FAP benefits. (Dept. Ex A, p 4).

6. During the period of February 1, 2011, through August 31, 2011, Respondent was living and receiving FAP benefits in Ohio, while her Michigan FAP benefits were being concurrently used in Michigan and sometimes Ohio, according to the Michigan FAP Purchase History. (Dept. Ex A, pp 23-30, 41-43).

7. Respondent failed to report her move to or receipt of FAP benefits from Ohio in a timely manner, resulting in a FAP overissuance of $2,569 for the fraud period of February 1, 2011, through August 31, 2011.

8. The Department alleges that Respondent received an OI in FAP benefits in the amount of $2,569.

9. Respondent was clearly instructed and fully aware of the responsibility to report all changes to the Department within 10 days.

10. Respondent did not have an apparent physical or mental impairment that would limit the understanding or ability to fulfill this requirement.

11. This was Respondent's first alleged IPV.

## CONCLUSIONS OF LAW

Department policies are contained in the Department of Human Services Bridges Administrative Manual (BAM), Department of Human Services Bridges Eligibility Manual (BEM), and Department of Human Services Reference Tables Manual (RFT). Prior to August 1, 2008, Department policies were contained in the Department of Human Services Program Administrative Manuals (PAM), Department of Human Services Program Eligibility Manual (PEM), and Department of Human Services Reference Schedules Manual (RFS).

The Food Assistance Program (FAP) [formerly known as the Food Stamp program] is established by the Food Stamp Act of 1977, as amended, 7 USC 2011 to 2036a and is

Case 2:18-ap-02038  Doc 1-1  Filed 04/19/18  Entered 04/19/18 13:37:46  Desc
Exhibit A - OIG Investigation Report   Page 6 of 9

Page 3 of 6
15-001305
VLA

implemented by the federal regulations contained in 7 CFR 273. The Department (formerly known as the Family Independence Agency) administers FAP pursuant to MCL 400.10; the Social Welfare Act, MCL 400.1-.119b; and Mich Admin Code, R 400.3001 to .3015.

The Department's OIG requests IPV hearings for the following cases:

- FAP trafficking OIs that are not forwarded to the prosecutor.

- Prosecution of welfare fraud or FAP trafficking is declined by the prosecutor for a reason other than lack of evidence, **and**
    - the total OI amount for the FIP, SDA, CDC, MA and FAP programs is $500 or more, **or**
    - the total OI amount is less than $500, **and**
        - the group has a previous IPV, **or**
        - the alleged IPV involves FAP trafficking, **or**
        - the alleged fraud involves concurrent receipt of assistance (see BEM 222), **or**
        - the alleged fraud is committed by a state/government employee. BAM 720, p 12 (10/1/2014).

### Intentional Program Violation
Suspected IPV means an OI exists for which all three of the following conditions exist:

- The client intentionally failed to report information **or** intentionally gave incomplete or inaccurate information needed to make a correct benefit determination, and

- The client was clearly and correctly instructed regarding his or her reporting responsibilities, and

- The client has no apparent physical or mental impairment that limits his or her understanding or ability to fulfill reporting responsibilities. BAM 700 (10/1/2014), p 7; BAM 720, p 1.

An IPV is also suspected for a client who is alleged to have trafficked FAP benefits. BAM 720, p 1.

Page 4 of 6
15-001305
VLA

An IPV requires that the Department establish by clear and convincing evidence that the client has intentionally withheld or misrepresented information for the **purpose** of establishing, maintaining, increasing or preventing reduction of program benefits or eligibility. BAM 720, p 1 (emphasis in original); see also 7 CFR 273(e)(6). Clear and convincing evidence is evidence sufficient to result in a clear and firm belief that the proposition is true. See M Civ JI 8.01.

### Disqualification
A court or hearing decision that finds a client committed an IPV disqualifies that client from receiving program benefits. BAM 720, p 15. A disqualified recipient remains a member of an active group as long as he lives with them, and other eligible group members may continue to receive benefits. BAM 720, p 16.

Clients who commit an IPV are disqualified for a standard disqualification period except when a court orders a different period, or except when the OI relates to MA. BAM 720, p 13. Refusal to repay will not cause denial of current or future MA if the client is otherwise eligible. BAM 710 (7/1/2013), p 2. Clients are disqualified for periods of one year for the first IPV, two years for the second IPV, lifetime disqualification for the third IPV, and ten years for a FAP concurrent receipt of benefits. BAM 720, p 16.

In this case, this is Respondent's first concurrent receipt of benefits.

### Overissuance
When a client group receives more benefits than they are entitled to receive, the Department must attempt to recoup the OI. BAM 700, p 1.

The Michigan FAP Purchase History from February 1, 2011, through August 31, 2011, shows Respondent used her Michigan FAP benefits in Michigan and Ohio. (Dept. Ex A, pp 23-30).

The Michigan FAP Benefit Summary shows Respondent received $367 a month from February 1, 2011, through August 31, 2011. (Dept. Ex A, p 11). Had Respondent properly reported her move to and receipt of FAP benefits in Ohio, she would have been eligible to receive $0 in Michigan FAP benefits. Hence, she received an overissuance of $2,569 in Michigan FAP benefits for the time period of February 1, 2011, through August 31, 2011.

Respondent signed a Redetermination for Michigan FAP benefits on April 20, 2010. It is well settled that a person *cannot* receive FAP in Michigan unless they are a resident of Michigan. BEM 220, p 1 (7/1/2014). Moreover, a client is responsible for reporting any change in circumstances that may affect eligibility or benefit level within ten days of the change. BAM 105, p 11 (1/1/2015).

Case 2:18-ap-02038   Doc 1-1   Filed 04/19/18   Entered 04/19/18 13:37:46   Desc
Exhibit A - OIG Investigation Report   Page 8 of 9

Page 5 of 6
15-001305
VLA

By signing the aforementioned redetermination, Respondent acknowledged she was aware she could be prosecuted for fraud and be required to repay the amount wrongfully received and that she must report all changes within 10 days of the change.

Testimony and other evidence must be weighed and considered according to its reasonableness. *Gardiner v Courtright*, 165 Mich 54, 62; 130 NW 322 (1911); *Dep't of Community Health v Risch*, 274 Mich App 365, 372; 733 NW2d 403 (2007). Moreover, the weight and credibility of this evidence is generally for the fact-finder to determine. *Dep't of Community Health*, 274 Mich App at 372; *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).

Here, the OIG provided credible testimony and other evidence demonstrating that Respondent, during the period of February 1, 2011, through August 31, 2011, was residing in and receiving FAP benefits from the State of Ohio and used Michigan FAP benefits in Michigan and Ohio.

Respondent testified she did not notify the State of Michigan to close her FAP benefits case. She stated that when she applied for FAP benefits in Ohio, she told the caseworker that she was receiving FAP benefits in Michigan. Respondent explained that she thought the caseworker would notify Michigan that she had moved. She testified that she did not know who was using her Michigan FAP Bridge card and believed it was probably someone close to her. Respondent did not submit any evidence supporting her testimony that she notified the State of Ohio of her Michigan FAP benefits.

As a result, the Department has shown by clear and convincing evidence that Respondent received an overissuance of benefits. The overissuance was due to Respondent failing to timely report her move to Ohio and her concurrent receipt and use of FAP benefits in Michigan and Ohio. According to BAM 700, the Department may recoup this overissuance.

## DECISION AND ORDER

The Administrative Law Judge, based upon the above Findings of Fact and Conclusions of Law, and for the reasons stated on the record, if any, concludes that:

1. The Department has established by clear and convincing evidence that Respondent committed an Intentional Program Violation.

2. Respondent did receive an overissuance of FAP benefits in the amount of $2,569.

The Department is ORDERED to initiate recoupment procedures for the amount of $2,569 in accordance with Department policy.

Page 6 of 6
15-001305
VLA

It is FURTHER ORDERED that Respondent be disqualified from FAP for a period of ten years for the concurrent receipt of benefits from Michigan and Ohio.

Vicki Armstrong
Administrative Law Judge
for Nick Lyon, Interim Director
Department of Human Services

Date Signed: **4/6/2015**

Date Mailed: **4/6/2015**

VLA/sw

**NOTICE:** The law provides that within 30 days of receipt of the above Hearing Decision, the Respondent may appeal it to the circuit court for the county in which he/she lives or the circuit court in Ingham County.

cc: OIG
    Veronika Harris
    Demitra Owens
    Wayne-District 49 (Grand River/War)
    D. DeCaire
    M. Blasius
    S. Schafer
    G. Brand
    V. L. Armstrong
    AH