

## Investigation Report
### Michigan Family Independence Agency
### Office of Inspector General

| To: Paul Goodrich, Assistant Attorney General. | This case meets Diversion criteria. |
|---|---|
| City of Venue: Detroit | OIG Complaint No: 1000225879 |
| | Recipient ID: 0092329689 |

### SUBJECT

Name: Veronika L. Harris

Address: 5002 Scotten
Detroit, MI 48210

Phone:

DOB: 08/04/1962
Race: Black       Sex: Female
SS: ____-__-1593
Driver Lic/ID: _____6112
Prior Convictions: No
Prior Intentional Program Violation: No

### EXPLANATION OF CIRCUMSTANCES

Veronika Harris applied for public assistance and benefits were issued for which the subject was not entitled. Examination of agency records revealed the subject's failure to report:

Veronika Harris
From: 04/08/1998 To: 04/19/1999   This was discovered by Wage Match and verified on 04/21/1999.
Relationship to Subject: Self

Alleged Fraud Type: Earned Income from
Source of Income: Newcor Deco Division Inc.

Veronika Harris
From: 02/16/1998 To: 04/06/1998   This was discovered by Wage Match and verified on 04/21/1999.
Relationship to Subject: Self

Alleged Fraud Type: Earned Income from
Source of Income: Newcor Technologies Division

The client, Veronika Harris' income was not budgeted. The amount of income she received would have made her totally ineligible for both Food Stamp and FIP.

### ALLEGED FRAUD AMOUNT

| Group # | Case # | Program | Time Period | Amount Issued | Lawful Amount | Alleged Fraud |
|---|---|---|---|---|---|---|
| | V3626566A | FIP | 03/01/1998 thru 02/28/1999 | $ 6,193.00 | | $ 6,193.00 |
| | V3626566A | FS | 03/01/1998 thru 02/28/1999 | $ 4,338.00 | | $ 4,338.00 |

ALLEGED FRAUD BY PROGRAM:

FIP : $6,193.00    FS : $4,338.00

TOTAL: $10,531.00

FIP Dollar Amount  −  Child Support Credit  =  Adjusted FIP    RECOUPMENT AMOUNT: $10,531.00
$6,193.00                                     $6,193.00

PROPOSED PROGRAM DISQUALIFICATION:
FIP: 12 mos         FS: 12 mos         SA:

**EXHIBIT B**

FIA-4652 10/96

Name: ~~Porshia D. Harris~~

OIG Complaint No: 1000225879   Recipient ID: 0092329689

## EVIDENCE OF WILLFULNESS or INTENT

Type of Evidence: Application/re-determination                                signed:   10/21/1997
Witnessed by:
Evidence will Show:
Subject acknowledged obligation to report change in circumstances as required

## INTERVIEWS

Subject not interviewed per OIG/Prosecutor guidelines.:

Submitted By:                                           _Charles L. Eilrich_ (signature)
Charles Eilrich
Agent's Phone #: (313) 256-2721    Date: 07/31/2000

FIA-4652 10/96

OIG Complaint No: 1000225879     Recipient ID: 0092329689

## PROSECUTOR ACTION

____ Accepted - Warrant Recommended

____ Returned - Wrong Venue

____ Returned - For Further Investigation

____ Returned with Remarks

____ Denied - Insufficient Evidence

____ Denied - Small Dollar Amount

____ Denied - Hardship

____ Denied - Recoupment

____ Denied - Subject Deceased

____ Denied - Statute of Limitations

Remarks:

_____

_____

_____

_____

_____

Prosecutor's Signature: _____     Date: _____

The Family Independence Agency will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital status, handicap, or political beliefs.

FIA-4652 10/96

The Circuit Court
for the Third Judicial Circuit Court of Michigan

| PO # _____ | | Pros Warrant # _____ |
| O # _____ | WELFARE FRAUD DIVERSION ORDER | District Ct # _____ |
| SS # V3626566A | | Wayne Cir Ct # _____ |

The People of the State of Michigan

V

Defendant name, address and telephone no.

Veronika Harris

Karen Fort Hood
Judge

Term of Diversion: 3 YEARS

Charge: WELFARE FRAUD MCLA 400.602-S

IT IS ORDERED that the Defendant be placed on Diversion for the term indicated, and the Defendant shall:

1. Not violate any criminal law of any unit of government.
2. Not leave the state without the consent of this court.
3. Make a truthful report to the Diversion Department either in person or in writing, monthly, or at such times and places, or as often as the Diversion Department may require.
4. Pay fines and/or costs in the amount of _____ at _____ per year.
5. Pay Attorney Fees in the amount of $40.00 before discharge from Diversion status.
6. Make restitution in the amount of $ 10,631 , in monthly payment amounts equal to 10% of after tax monthly family income but not less than $50.00 unless the grant is active in which case restitution is to be made through Administrative Recoupment as set forth in the Recoupment and Disqualification Agreement.
7. Perform _____ hours of community service work ☐ In addition to any fines, costs, and/or fees.
   ☐ In lieu of any fines, costs and/or fees.
8. Special Conditions:

The defendant has this date signed a Recoupment and Disqualification Agreement with the Michigan Family Independence Agency and agreed therein to a 12 month disqualification penalty from the Food Stamps and ADC programs. That agreement is incorporated herein by reference.

It is the order of this court that if at the time said department loads the terms of the agreement onto its Automated Recoupment System for collection the defendant is an active recipient of benefits from those programs, the said department shall delay the effective date of the ADC disqualification until the food stamp disqualification has ended.

Date: 9/15/00

Judge: Karen Fort Hood    P42479

I have read the above order of Diversion and have a copy. I understand and agree to comply with this order.

**DISQUALIFICATION AGREEMENT**
Office of Inspector General
Family Independence Agency

Harris, Veronika

Recipient #: 92329689   Venue County: 82

If you do not understand this form, call your local Family Independence Agency Office
Si Ud. no entiende esto, llame a su oficina local de la Agencia para la Independencia de la Familia.

إذا قابلت صعوبة في فهم هذا الطلب - الرجاء الإتصال بمكتبك المحلي لخدمات العائلة

I understand and acknowledge that a review of my public assistance and/or Food Stamp benefits by the Family Independence Agency (FIA) has revealed that benefits were over issued on my behalf.

I have been advised and understand that I have the right to appear at a hearing convened at the request of FIA before an administrative law judge on the determination by FIA that there was an over issuance of public assistance and/or Food Stamps and the amount of such over issuance(s). I would have the right at such hearing to present evidence and to offer witnesses on my behalf. Recognizing and acknowledging this procedure and right, I knowingly and voluntarily waive such procedure and right and enter into this recoupment and disqualification agreement.

WHEREAS I, Veronika Harris, admit that I was issued by FIA, benefits to which I was not entitled from 03/01/1998 to 02/28/1999. This was the result of my neglect or refusal to inform said agency of:

Earned Income: Newcor Deco Division Inc.
Earned Income: Newcor Technologies Division

and the fact that such information was not used to determine my benefits.

WHEREAS the amount of such ineligible issued benefits is:

| GROUP NO. | CASE NO. | PROGRAM | RECOUPMENT AMOUNT |
|---|---|---|---|
| | V3626566A | FIP | $ 6,193.00 |
| | V3626566A | FS | $ 4,338.00 |

WHEREAS, I further admit to this debt to said agency in the total amount of: $10,531.00; THEREFORE, I agree to pay back the amount to FIA in the manner set forth below:

CASH RECOUPMENT: If my case is not active for the program in which the over issuance occurred, I agree to monthly cash payments of 10% of my after-tax monthly family income or $50.00, whichever is greater. Payments are due on the 1st of each month, beginning within 60 days of the date I sign this form and continue until paid in full.

ADMINISTRATIVE RECOUPMENT: If my case is active or becomes active for the program in which the over issuance occurred, my FIP grant will be reduced by 10% of my total monthly requirements until the full amount is repaid to FIA. My Food Stamp benefits will also be reduced by 20% of my entitlement or $10.00 per month, which ever is greater, until the full amount of Food Stamp over issuance is repaid to FIA (entitlement means the Food Stamp amount you would be issued if a group member(s) had not been taken off Food Stamps because of Intentional Program Violation).

OTHER RECOUPMENT INFORMATION: I understand that if my case closes or reopens, the manner of recoupment will change from administrative to cash or cash to administrative as described above. If my household assets and/or income increase, or my ability to pay otherwise improves, the FIA reserves the right to require payment in full of the entire debt.

I have been advised I may make additional payments for the FIP/SA amount(s) in cash and for the Food Stamp amount in cash and/or by returning Food Stamps issued to me.

OFFSET: The State of Michigan, as an additional payment on the debt, may also withhold any refund (including State Income Tax) or payment to which I otherwise may be entitled from the State of Michigan, and credit my balance, regardless of whether my repayment is in cash or administrative recoupment.

X _____          9-15-00
Client/Former Client Signature        Date
FIA - 4630  10/96                                                          Page 1 of 2

DISQUALIFICATION AGREEMENT
Office of Inspector General
Family Independence Agency

Harris, Veronika
Recipient #: 92329689    Venue County: 82

**DEFAULT:** Permission to make installment payments may be withdrawn, and the entire debt will be due immediately if I default on the conditions of this agreement for more than 60 days or it is determined that collection of this debt is endangered. The debt may then be collected by any means necessary, including but not limited to: 1) a levy on disposable earnings to the extent provided in section 303 of the Consumer Credit Protection Plan Act, 15U.S.C.1673, or 2) seizure of property without further notice. If there is a levy on wages, such levy will be continuous from the date such levy is first made until the debt is paid in full, 3) legal action resulting in a judgment against you for the full amount of the debt. This judgment will adversely affect your credit rating.

**PROGRAM DISQUALIFICATION:** I further understand that by signing this agreement, I will personally be disqualified from participating in the programs listed below, even though I may not have been found guilty of criminal or civil misrepresentation or fraud.

My disqualification (reduction in benefits) will be:

[X] 12 months (first offense) [ ] 24 months (second offense) [ ] PERMANENTLY (third offense) for FIP.

[X] 12 months (first offense) [ ] 24 months (second offense) [ ] PERMANENTLY (third offense) for FS.

_____ from the Food Stamp program pursuant to court order or Food Stamp regulations.

I understand that the refusal to sign this agreement will have no effect on my eligibility for assistance. I am signing this agreement of my own free will and no threat, duress, or coercion has been used to make me sign it.

| Client/Former Client Signature | Date | Social Security Number | Telephone Number |
|---|---|---|---|
| X/ [signature] | 9-15-W | ███████593 | |
| Spouse Signature or Head of Household | Date | City | State | Zip Code |
| | | Detroit | MI | 48210 |
| Address (Street Number and Name) | | Witnessed By: (Signature) | | Date |
| 5003 Scotten | | | | |
| Accepted By: (Signature) | Date | The Family Independence Agency will not discriminate against any individual or group because of race, sex, religion, age, national origin, color, marital status, handicap, or political beliefs. |

AUTHORITY: PA280 of 1939, 45 CFR, 113, Public Act 111 of 1991
COMPLETION: Voluntary    PENALTY: None

FIA - 4630 10/96

Page 2 of 2